573 So.2d 380 (1991)
Aurora ALMODOVAR and Department of Health and Rehabilitative Services, State of Florida, Appellants,
v.
Alberto GONZALEZ, Appellee.
No. 90-432.
District Court of Appeal of Florida, Third District.
January 15, 1991.
*381 Melvin A. Rubin, Miami, for appellants.
No appearance, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
COPE, Judge.
Aurora Almodovar and the Florida Department of Health and Rehabilitative Services appeal an income deduction order insofar as the order provided for a delayed effective date pursuant to section 61.1301(1)(c), Florida Statutes (1989). We affirm in part and reverse in part.
Alberto Gonzalez, the father of the minor child, was ordered to pay child support to the mother, Aurora Almodovar. In March, 1989 he was found to be in arrears and was ordered to make payments at a stated rate. The court also entered an income deduction order effective immediately.
In January, 1990, after another motion for contempt was filed, the hearing officer found that payments required by the 1989 order had not been made by the father and that an arrearage existed. The father was working for a new employer who apparently had not been advised of the income deduction order.
The hearing officer established the amount of the arrearage and recommended entry of another income deduction order, calling for a higher deduction than the previous order. However, the hearing officer ruled that good cause had been shown to make the new income deduction order "effective upon a delinquency in an amount equal to 1 month's support." § 61.1301(1)(c), Fla. Stat. (1989). The good cause was "based upon Respondent's attorney's representation of Respondent's good faith in making future payments on arrears." The hearing officer also found "that the past efforts by the Respondent may not warrant an immediate income deduction, assurances of good faith have been made and some employers ... frown on and make it difficult for employees burdened with this order to remain employed."[1] The trial court entered an order *382 approving the report and recommendations of the hearing officer.
Section 61.1301, Florida Statutes (1989) provides for the entry of income deduction orders in alimony and child support cases. Insofar as pertinent here, the statute provides that: "The income deduction order is effective immediately unless the court upon good cause shown finds that the income deduction order shall be effective upon a delinquency in an amount equal to 1 month's support." Id. § 61.1301(1)(c).
The language just quoted was adopted in 1986 in response to a federal mandate that the states take vigorous action to alleviate the serious problem of nonpayment of child support. See Child Support Enforcement Amendments of 1984, Pub.L. 98-378; 42 U.S.C. § 666 (b). In response, the Governor's Commission on Child Support recommended that Florida exceed federal requirements by making income deduction orders immediately effective in all cases. Final Report of the Governor's Commission on Child Support, at 73 (Sept. 30, 1985).[2] The Commission reasoned that "to do so would avoid any stigma attached to such an order, and will avoid the need for additional notices and possible hearings before service of the wage assignment." Id.; see Note, Congress Demands Stricter Child Support Enforcement: Florida Requires Major Reforms to Comply, 10 Nova L.J. 1371 (1986). The legislature adopted the recommendation in modified form, by providing that immediate withholding would be the general rule, but a delayed income deduction order would be permissible for good cause shown.
The definition of "good cause" must develop to some extent on a case-by-case basis. However, in child support cases the principal object is to act in the best interest of the child by assuring prompt, regular payment. A central question in deciding whether to grant a delayed deduction order is whether there has been timely payment of past child support, and whether there is substantial assurance of future payment. The statutory scheme indicates that after a month's arrearage has accrued, the time for delayed effectiveness of the income deduction order is at an end. Here, there was an initial arrearage followed by an immediately effective order, followed by a further arrearage. Where there was demonstrable noncompliance, it was an abuse of discretion to enter a delayed income deduction order based solely upon counsel's assurances of the former husband's good future intentions.[3]
We are not unmindful of the concern expressed by the master regarding possible retaliation by employers against an employee against whom an income deduction order is entered. Where discharge or other retaliation has occurred, the employer is subject to substantial civil penalties which are to be paid to the payee spouse or the enforcement agency, so long as any arrearage is owing. § 61.1301(2)(j), Fla. Stat. (1989). Any employee who has been retaliated against is entitled to reinstatement, back pay, and reasonable attorney's fees and costs. Id. While the agency should, in our view, be alert to seek penalties in appropriate cases, we see no reason why the trial court may not also issue an order to show cause against an employer where the record suggests that there has been a retaliatory discharge of an employee because of the issuance of an income deduction order.
We affirm the income deduction order but reverse that portion which provided for a delayed effective date and remand for further proceedings consistent herewith.
NOTES
[1] Subsequently, the father became delinquent in an amount equal to one month's support, thus resulting in the second income deduction order becoming effective. While that resolves the immediate issue involving this particular income deduction order, the issue presented by this appeal is capable of repetition, yet evading review. See Wons v. Public Health Trust, 500 So.2d 679 (Fla. 3d DCA 1987), approved, 541 So.2d 96 (Fla. 1989); Tribune Co. v. Cannella, 438 So.2d 516 (Fla. 2d DCA 1983), quashed on other grounds, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom. Deperte v. Tribune Co., 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985). Accordingly, we reach the merits of the appeal.
[2] At that time, federal standards required income withholding orders to take effect after an arrearage accrued which was equal to one month's payments. Id.
[3] Federal rulemaking may in the future affect, or prescribe, the standard for "good cause." See 55 Fed.Reg. 33,414 (Aug. 15, 1990); see also Pub.L. 100-485, Title I, § 101.