GODERICH, Judge.
Alicia Rivero [the mother] brought a contempt action against Pedro Lee [the father] for nonpayment of child support. The General Master found that the father is in arrears in his child support payments in the amount of $12,000.00. The General Master recommended that the father continue to pay $60.00 per week for child support and that he pay an additional $10.00 per week toward the existing child support arrear-age. The General Master also recommended that “a 30-day delinquency income deduction order” be issued. At the hearing, the General Master stated as follows: “I’m going to do a thirty day delinquency income deduction order. The good cause is that he’s just starting a new job. I don’t want to have any complications.” The trial court entered an order adopting the General Master’s findings and recommendations.
The mother filed a motion to vacate arguing that she should have been granted an immediate income deduction order in light of the $12,000.00 arrearage. The mother also argued that the father should have been ordered to pay more than $10.00 per week toward the arrearage. At the *398 hearing on the motion, the father stated that he finally did not start to work as he had anticipated and that he had been paying his child support obligation every week. The trial court denied the motion to vacate.
First, the mother contends that the trial court erred in not entering an immediate income deduction order.[1] We agree.
Section 61.1301(l)(c), Florida Statutes (1991), provides as follows: “The income deduction order is effective immediately unless the court upon good cause shown finds that the income deduction order shall be effective upon ⅝ delinquency in an amount equal to 1 month’s support.” In the instant case, the General Master stated that the “good cause” for not entering an immediate deduction order was due to the father commencing a new job.
In Almodovar v. Gonzalez, 573 So.2d 380, 382 (Fla. 3d DCA 1991), the court stated that “[a] central question in deciding whether to grant a delayed deduction order is whether there has been timely payment of past child support, and whether there is substantial assurance of future payment.” In the instant case, the father has a history of not paying his child support payments. In fact, as of the date of the hearing on the motion for contempt, the father was in arrears in his child support payments to the tune of $12,000.00. Moreover, in light of the significant arrearage, there is no substantial assurance that he would make the future payments.
Moreover, the fact that the father was to commence a new job is not sufficient “good cause” to enter a delayed deduction order. An employer cannot discharge an employee because an income deduction order is issued. “Any employee who has been retaliated against is entitled to reinstatement, back pay, and reasonable attorney’s fees and costs.” Almodovar, 573 So.2d at 382.
Next, the mother also argues that the trial court abused its discretion in setting the amount of the arrearage payback at only $10.00 per week. We agree.
Section 61.1301(l)(b)2., Florida Statutes (1991), requires that the arrearage payback amount should be “an additional 20 percent or more of the periodic amount specified in the support order.” In the instant case, the arrearage payback amount ordered by the trial court is less than 20% of the current support amount. Therefore, we find that the trial court erred in ordering the husband to pay only $10.00 per week.
Accordingly, we reverse the portion of the income deduction order which provides for a delayed effective date and the portion setting the arrearage payback amount at $10.00 per week, and remand for the trial court to enter an order reflecting that the deduction order is effective immediately and to enter an arrearage payback amount which is at least 20% of the specified support amount.

. This issue is not moot even though the father did not start to work as he had anticipated. Income deduction orders apply to both "current and subsequent payors and periods of employment.” § 61.1301(l)(e)3. Assuming, arguendo, that the issue is moot, we choose to address this issue since it is capable of repetition. Almodovar v. Gonzalez, 573 So.2d 380, 381 n. 1 (Fla. 3d DCA 1991).