STEVENSON, Judge.
This is an appeal from an order denying the former wife’s motion for contempt against the former husband for past due child support payments. We affirm the trial court’s refusal to hold the former husband in contempt, but we find that the trial court erred in calculating the total amount of ar-rearages and in setting the monthly amount which former husband is required to pay to clear the past due amounts.
At the contempt hearing, the trial court determined that the former husband *601 had not made any payment between November 1993 and December 1994 on his preexisting monthly child support obligation of $630. As such, the trial court’s conclusion that arrearages totalled only $1,160 is mathematically incorrect and constitutes an abuse of discretion. Therefore, we reverse and remand for recalculation of the total amount of the child support arrearages. We also direct the trial court to calculate the monthly payment which former husband is required to make to pay the arrearages at no less than 20% of his regular monthly support obligation. § 61.1301(l)(b)2, Florida Statutes (1993); see also Rivero v. Lee, 617 So.2d 397 (Fla. 3d DCA 1993).
On remand, we farther direct the trial court to review the former wife’s motion for attorney’s fees which had been filed, but for some reason, not ruled upon previously. If, after consideration of the statutory factors set forth in section 61.16, Florida Statutes (1993), the trial court determines that former wife is entitled to recover her attorney’s fees, the trial court shall determine the amount of reasonable attorney’s fees incurred by former wife, including those involved in prosecuting this appeal.
REVERSED IN PART AND REMANDED.
WARNER and FARMER, JJ., concur.