FULMER, Judge.
The Department of Revenue, on behalf of Roberta Davis, appeals an order that modifies an income deduction order previously entered against Philip Jenness, Jr. by substituting a delayed income deduction order for the original order. We reverse because the trial court lacked the authority to enter a delayed income deduction order without making the findings required by section 61.1301(l)(c), Florida Statutes (1995).
On November 22, 1994, Davis and Jenness entered into an agreed order that established an existing child support arrearage of $7,286.89 and required Jenness to pay $60 per week for ongoing support, $5 per week toward the arrearage, and $2.60 per week for the Clerk of Court’s fee. On the same day, an income deduction order was also entered, which required employers to immediately begin deducting from Jenness’s income the amounts set out in the support order.
On March 15, 1996, Jenness filed a motion requesting removal of the income deduction order, alleging that “the Defendant has paid in full his child support obligation.” The record reflects that this representation was incorrect. Although Jenness had consistently paid child support since the agree order was entered, he still owed most of the arrear-age and had an ongoing child support obligation. On April 17, 1996, the trial court entered an order that granted the motion, released any employers of Jenness from the previous income deduction order, allowed Jenness to make payments directly to the Clerk of Court, and stated that the income deduction order may be reinstated if Jenness becomes delinquent in any one payment. This order contained no findings of fact.
Davis’s counsel filed a motion for rehearing and motion to vacate, which alleged that he was the attorney of record, that he did not receive the motion or notice of hearing and that the order granting Jenness’s motion is contrary to law. On May 13, 1996, the trial court entered an order which denied the motion for rehearing, set the arrearage at $6,966.43 and required payments to be made directly to the Clerk of Court in the amount of $60 per week for current child support and $5 per week for past due child support. On *878 June 10, 1996, the trial court entered an order entitled “Agreed Order,” which stated that the parties agreed that the May 13, 1996, order was vacated and the agreed order was entered in its place. The agreed order again denied the motion for rehearing and the motion to vacate, thereby leaving in effect the April 17, 1996, order, which effectively substituted a delayed income deduction order for the original order. No transcripts are available for any of these proceedings. Davis filed her notice of appeal on June 20, 1996, from the April 17, 1996, and June 10, 1996, orders.
Income deduction orders are governed by section 61.1301, which requires that, upon the entry of an order establishing, enforcing, or modifying an obligation for child support, a separate order for income deduction shall also be entered. Section 61.1301 further requires that the deduction order shall be effective immediately unless the court upon good cause shown finds that the order shall be effective upon a delinquency in an amount equal to one month’s payment.
Davis cites to sections 61.1301(l)(a) and (c)[1] and argues that the trial court did not have discretion to remove the income deduction order and that the good cause requirements for entering a delayed deduction order were not met. Jenness argues that subsections (a) and (c) do not apply because the trial court was being asked to terminate an existing income deduction order and not to enter an initial income deduction order. Instead, Jenness directs our attention to section 61.1301(l)(d) as the source of a trial court’s discretionary authority to terminate an income deduction order. Subsection (d) provides that “[t]he income deduction order shall be effective so long as the order upon which it is based is effective or until further order of the court.”
We note that the trial court did not terminate the income deduction order; it transformed the order into a delayed income deduction order. We have considerable doubt that subsection (d) gives the trial court discretion to terminate an income deduction order or to transform it into a delayed income deduction order when an ongoing support obligations exists. Subsection (d) merely states the general rule that an income deduction order shall coexist with its underlying support order and recognizes that further orders of the court may be entered. However, any “further order of the court” must be entered in compliance with all applicable provisions of section 61.1301 and in a manner that carries out the intent of the legislation.
The trial court failed to make any written findings of good cause as required by section 61.1301(l)(c). We conclude that those findings are required when the trial court modifies an existing order to create a delayed income deduction order just as they are required when the trial court initially enters a delayed order.
The legislative mandate in section 61.1301 is clearly that either an immediate or a delayed income deduction order shall be entered in all cases in which an order of support is entered. In Almodovar v. Gonzalez, *879 573 So.2d 380, 382 (Fla. 3d DCA 1991), the Third District reviewed the history of section 61.1301 and observed that “the Governor’s Commission on Child Support recommended that Florida exceed federal requirements by making income deduction orders immediately effective in all cases.” However, the Florida legislature “adopted the recommendation in modified form, by providing that immediate withholding would be the general rule, but a delayed income deduction order would be permissible for good cause shown.” Id. Our interpretation of section 61.1301 is consistent with this mandate.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., and BLUE, J., concur.

.Section 61.1301(l)(a) and (c) provide, in pertinent part:
(1) ISSUANCE IN CONJUNCTION WITH AN ORDER ESTABLISHING, ENFORCING, OR MODIFYING AN OBLIGATION FOR ALIMONY OR CHILD SUPPORT.-
(a) Upon the entry of an order establishing, enforcing, or modifying an obligation for alimony and child support, the court shall enter a separate order for income deduction if one has not been entered
[[Image here]]
(c) The income deduction order is effective immediately unless the court upon good cause shown finds that the income deduction order shall be effective upon a delinquency in an amount equal to 1 month’s payment pursuant to the order establishing, enforcing, or modifying the obligation. In order to find good cause, the court must at a minimum make written findings that:
1. Explain why implementing immediate income deduction would not be in the child's best interest;
2. There is proof of timely payment of the previously ordered obligation without an income deduction order in cases of modification; and
3.a. There is an agreement by the obligor to advise the IV-D agency and court depository of any change in payor and health insurance; or
b. There is a signed written agreement providing an alternative arrangement between the obligor and the obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.