THOMPSON, C.J.
Mary Griffin Ennis (“wife”) appeals several non-final orders in this dissolution of marriage case. We reverse.
James Frank Ennis (“husband”) was ordered to pay the wife temporary alimony in the amount of $1,600.00 per month, payable in weekly installments commencing in March 1999. The husband had failed to pay the alimony since April 1999 and was $28,845.00 in arrears. On March 12, 2001, the trial court entered an income deduction order requiring the husband’s employer or any payor to subtract $369.23 weekly from the husband’s pay and remit it to the State of Florida Disbursement Unit. Two months later, on June 4, 2001, the husband sent a letter to the trial court, complaining that the income deduction order had reduced his “social security check” from $1,379.00 per month to $511.00 per month.
In response to the letter, the trial court scheduled an emergency hearing for June 22, 2001. After the hearing, the trial court suspended the income deduction order until further order of the trial court. The wife promptly asked the court to vacate the order and reinstate the income deduction order. The trial court denied the wife’s motion and entered an amended income deduction order requiring employers and payors of the husband to remit $110.53 per week to the State of Florida Disbursement Unit, a figure $258.70 less than the amount required under the original deduction order.
The wife appeals these orders. This court has jurisdiction because the orders determine the right to immediate monetary relief in a family law matter. See Fla. R.App. P. 9.130(3)(C)(ni).
The wife makes several arguments, one of which we find has merit and requires reversal.[1] She complains that the trial court did not enter written reasons demonstrating good cause to suspend and then modify the income deduction order.
In State Dept. of Revenue v. Jenness, 698 So.2d 877 (Fla. 2d DCA 1997), the trial court suspended an income deduction order and ruled that it would not be put into effect again unless the obligor became delinquent by one month. Id. The second district held that written findings of good cause were needed in order to change a standing income deduction order into a delayed income deduction order. Id.; see § 61.1301(l)(c), Fla. Stat. (2000). In the instant case, the orders suspending and then amending the income deduction order are reversed because the trial court failed to enter written findings of good cause to *1009 suspend and then modify the income deduction order.
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.

. Wife has failed to provide a sufficient record to support a reversal based on the other grounds for relief asserted, in light of her failure to provide a transcript of the 22 June 2001 hearing, or an acceptable substitute therefore. Fla. R.App. P. 9.200(b).