MONACO, J.
In this dissolution proceeding the petitioner, Mary Griffin Ennis (“Wife”), seeks a writ of prohibition, arguing that the trial judge should have granted her motion for disqualification. We conclude that the trial court erred in not granting the motion.
The facts of this case are based on a verified motion of the Wife for disqualification of the trial judge, the allegations of which we take as true for the purposes of considering this petition. See Peterson v. Asklipious, 838 So.2d 262 (Fla. 4th DCA 2002); Lamendola v. Grossman, 439 So.2d 960 (Fla. 3d DCA 1983). The motion reflects that based on an earlier appeal in this case [Ennis v. Ennis, 819 So.2d 1007 (Fla. 5th DCA 2002)], the trial court set a trial date of April 8, 2003, at 1:30 p.m., to complete certain remaining issues between the parties. Counsel for the Wife was also serving as counsel in an unrelated federal action. A court ordered settlement conference was scheduled in the federal case for the day after the trial of the present case. Two weeks before the trial, however, the federal court rescheduled the settlement conference for the morning of April 8th. Believing that the settlement conference would be fruitless and would not exceed two hours, counsel for the Wife deter *230 mined that he could attend both court proceedings without difficulty. As a precaution, however, he had the Wife attend the federal proceeding, as well.
According to the motion, however, at the beginning of the settlement conference the federal magistrate judge announced for the first time that all parties and their counsel would be required to remain at the federal courthouse until the case was settled, no matter how long it took. At that point the Wife’s counsel informed the magistrate judge of the scheduling conflict and requested that he contact the state trial judge to resolve it. The magistrate’s clerk informed the Wife and her counsel that the state court judge had been contacted, and that he requested a letter from the magistrate confirming the conflict. Wife’s counsel indicates that he was further advised that upon receiving the letter, the state court judge would excuse the Wife and her counsel from appearing.
During the afternoon of April 8th, the federal magistrate called everyone back into the courtroom and stated in open court to Wife’s counsel that he had received a communication from the state judge’s office to the effect that “if you ever intend to practice before Judge Evans again, you had better call him this afternoon.” The Wife’s counsel attempted to call the state court judge twice, but got only an answering machine. The following morning he wrote the judge, apologized, explained the circumstances and requested that the trial be reset. A day later the Wife’s counsel received an order from the state court judge which found that the Wife’s counsel failed to comply with the Rules of Judicial Administration, and suspended the respondent’s obligation to pay temporary alimony and an income deduction order. The Wife then filed her motion to disqualify.
The legal sufficiency of a motion to disqualify is reviewed by a de novo standard. See Peterson, 833 So.2d at 263. The issue for our consideration is whether the motion demonstrates a well-founded fear on the part of the moving party that he or she will not receive a fair trial or hearing at the hands of the trial judge. See Johnson v. State, 769 So.2d 990 (Fla.2000); Roy v. Roy, 687 So.2d 956 (Fla. 5th DCA 1997). In determining legally sufficiency, a reviewing court must consider whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial. See Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983).
In Livingston the supreme court pointed out that a trial judge may be disqualified because of prejudice towards an attorney if the prejudice is of such a degree that it adversely affects the client. Id. at 1087; see also, Ginsberg v. Holt, 86 So.2d 650, 651 (Fla.1956). The court went on to say:
Prejudice against a party’s attorney can be as detrimental to the interests of that party as prejudice against the party himself. What is important is the party’s reasonable belief concerning his or her ability to obtain a fair trial.
Livingston, at 1087.
The trial judge in the present case was obviously frustrated with the events that led up to the non-appearance of the Wife and her counsel at the scheduled trial. Indeed, not all comments in the nature of vented frustration require disqualification. See, e.g., Strasser v. Yalamanchi, 783 So.2d 1087 (Fla. 4th DCA), rev. denied, 805 So.2d 810 (Fla.2001). When the judge signals a predisposition about a case, however, a party’s fears concerning the fairness of an impending hearing or trial are well-founded. See Roy; Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996).
*231 Here, the reported comments of the trial judge, compounded by the entry of an order punishing the party because of his attorney’s unexpected scheduling conflict would put a reasonable party in fear that he or she would not receive a fair trial. Under the circumstances, the trial judge should have granted the disqualification.
WRIT OF PROHIBITION GRANTED.
PETERSON and GRIFFIN, JJ., concur.