NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LORI TIMMONS,                          )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D14-2388
                                       )
GARRY TIMMONS,                         )
                                       )
            Appellee.                  )
                                       )
_____)

Opinion filed October 30, 2015.

Appeal from the Circuit Court for Charlotte
County; Lisa S. Porter, Judge.

Mira Staggers White, Murdock, for
Appellant.

Garry Timmons, pro se.


SALARIO, Judge.

        This appeal arises out of a contempt proceeding following the dissolution

of the Timmons' marriage.  The trial court entered an order holding Garry Timmons, the

former husband, in contempt for failure to pay alimony and providing for the entry of an

income deduction order requiring withholdings from his income of an amount equal to

ten percent of his monthly periodic alimony obligation until the alimony arrearage is

satisfied. The former wife, Lori Timmons, asserts on appeal that section 61.1301(1)(b)(2), Florida Statutes (2014), requires that the arrearage be satisfied through monthly income deductions of twenty percent. We agree and reverse the contempt and income deduction orders to the extent they provide for income deduction at a rate of less than twenty percent.

In January 2013, the parties entered into a marital settlement agreement in which the former husband agreed to pay permanent periodic alimony of $2250 per month. The trial court thereafter entered a final judgment dissolving the parties' marriage and requiring the former husband to make alimony payments as the parties had agreed. An income deduction order was not entered at that time. Beginning in November 2013, the former husband failed to make alimony payments in full.

On January 21, 2014, the former wife filed a motion asking the trial court to hold the husband in contempt and seeking entry of an income deduction order. After an evidentiary hearing in March 2014, the trial court entered an order of contempt. It rejected the former husband's assertion that he had become financially unable to pay $2250 per month and held him in contempt for failing to do so. It also held that the former husband would be permitted to purge the contempt by paying $1000 toward the alimony arrearage within thirty days and found that he was financially able to make that payment in that time. The trial court further required the former husband to pay the balance of the arrearage—$5400 at the time of the contempt order—not satisfied by the purge payment.

With respect to the rate of payment of the arrearage, the former wife argued that section 61.1301(1)(b)(2), which makes provision for income deduction

orders to assure payment of alimony obligations, required monthly payments of twenty

percent of the former husband's regular monthly alimony obligation until the arrearage

was satisfied.  Although the former husband took no position on the issue, the trial court

nonetheless decided that it had the discretion to allow payment at a rate lower than that

specified by the statute and that monthly payments of ten percent of the permanent

alimony obligation were appropriate in this case.

In accord with that reasoning, the contempt order requires that the former

husband satisfy the arrearage by making monthly payments of $225 (ten percent of his

periodic obligation of $2250 per month) and that "[a]n Income Withholding Order shall

be entered for . . . $225.00 per month to be paid toward the arrearage."  The income

deduction order entered by the trial court directs that the sum of $103.85 be deducted

from income payable to the former husband on a biweekly basis until the arrearage is

satisfied.[1]  The former wife moved for rehearing, again challenging the ten-percent

withholdings amount as less than that required by section 61.1301(1)(b)(2), which the

trial court denied.  This appeal followed.

On appeal, the former wife asserts that the trial court misinterpreted

section 61.1301(1)(b)(2) as providing discretion to order withholdings for the alimony

arrearage in an amount less than twenty percent.   Our review of the trial court's

interpretation of the statute is de novo.  Brooks v. Brooks, 164 So. 3d 162, 163-64 (Fla.

---

[1]This biweekly sum appears to work out to less than the ten-percent payment rate contemplated by the contempt order.  In light of our disposition, however, we need not address this potential inconsistency between the two orders other than to note that on remand the trial court should ensure that, if the income deduction order provides for biweekly deductions, those deductions amount to no less than twenty percent of the former husband's periodic alimony obligation.

2d DCA 2015). The former wife has not provided a transcript of the proceedings below, which ordinarily could preclude our review in a case like this. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1980). The trial court's reasoning about section 61.1301(1)(b)(2) appears on the face of the contempt order, however, and the absence of a transcript thus presents no impediment in this case. See Coyne v. Coyne, 895 So. 2d 469, 470 (Fla. 2d DCA 2005) (explaining that, notwithstanding an appellant's failure to provide a transcript, an appellate court may reach errors that appear on the face of a trial court's order).

Section 61.1301(1)(a) provides that "[u]pon the entry of an order establishing, enforcing, or modifying an obligation for alimony [or] child support . . . the court shall enter a separate order for income deduction if one has not been entered." Section 61.1301(1)(b)(2) governs the content of such orders. It says, among other things, that an income deduction order "shall . . . [s]tate the amount of the arrearage owed . . . and direct a payor to withhold an additional 20 percent or more of the periodic amount specified in the order . . . enforcing the obligation, until full payment is made of any arrearage." § 61.1301(1)(b)(2) (emphasis added).

By its plain terms, section 61.1301(1)(b)(2) does not authorize discretionary decisions to direct income deduction in an amount less than twenty percent of the periodic amount specified in the order. The language of the statute is mandatory; it provides that the trial court "shall" direct withholdings of twenty percent. See generally Neal v. Bryant, 149 So. 2d 529, 532 (Fla. 1962). It does not confer

discretion or allow a trial court to select a different withholding amount.[2]  See Rivero v. Lee, 617 So. 2d 397, 398 (Fla. 3d DCA 1993) (reversing order including child support arrearage payment amount less than twenty percent of the periodic obligation and directing trial court "to enter an arrearage payback amount which is at least 20% of the specified support amount"); see also Taylor v. Lasley, 666 So. 2d 600, 601 (Fla. 4th DCA 1996) (directing calculation of child support arrearage payment "at no less than 20%" of the ongoing obligation).

Because section 61.1301(1)(b)(2)'s twenty-percent requirement by its terms applies only to income deduction orders, it does not extend to other funds—cash held by a spouse in a bank account prior to entry of an income deduction order, for example—that are not subject to such orders.  In circumstances where income deduction orders are not at issue, courts have recognized that a trial court would have discretion to provide a different rate of payment on an arrearage.  See, e.g., Burdick v. Burdick, 601 So. 2d 632, 634 (Fla. 4th DCA 1992) (holding that a trial court generally has discretion to order arrearage payments in installments or to "otherwise structure the manner of payment"); Ashe v. Ashe, 509 So. 2d 1146, 1148 (Fla. 1st DCA 1987) (contemplating a "schedule of monthly payments consistent with the payor parent's

_____

[2]We note that at least one court has held that the arrearage payment rate in an income deduction order can be altered based on the obligor's inability to pay an arrearage.  See Lambertini v. Lambertini, 817 So. 2d 942, 944 (Fla. 3d DCA 2002). That seems difficult to square with the unambiguous, mandatory language of the statute and the fact that a trial court has other methods of addressing an alimony obligation that has become financially impossible.  See, e.g., § 61.14, Fla. Stat.  We need not reach the issue of whether the former husband has the ability to pay the twenty-percent amount in this appeal, however, because it is not presented.  In the trial court, he took no position on the income deduction amount, and he has made no appearance in this appeal.  The trial court's findings in the contempt order concerning ability to pay make it clear to us that the ability to pay was not a matter at issue in the trial court's decision.

ability to pay").  In the instant case, however, income from the former husband's employment is the intended source of funds from which the arrearage is to be paid. That income is subject to section 61.1301(1)(b)(2)'s twenty-percent requirement, and that requirement must be enforced here.

Because the trial court deviated from that requirement, we reverse the contempt order to the extent it provides for entry of an income deduction order that varies from the requirements of section 61.1301(1)(b)(2) and reverse the income deduction order to the extent it actually does so.  We remand with instructions to the trial court to enter contempt and income deduction orders that comport with the statute.

Reversed; remanded with instructions.


NORTHCUTT and BLACK, JJ., Concur.