# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3185
LT Case No. 2018-DR-7457-FM

———————————————

CRYSELDA LUCOMBE,

Appellant,

v.

ANTHONY LUCOMBE,

Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
John I. Guy, Judge.

Cryselda Lucombe, Jacksonville, pro se.

No Appearance for Appellee.

May 23, 2025

PER CURIAM.

In this divorce action, Cryselda Lucombe ("Former Wife") appeals the trial court's amended final judgment. She specifically appeals the trial court's order that Anthony Lucombe ("Former Husband") pay a retroactive child support obligation, which totaled $43,200, at a rate of $50.00 per month until paid in full; Former Wife asserts that the parties had agreed that Former

Husband would pay the entire retroactive child support obligation in a lump sum payment within sixty days of the final judgment.

Since Former Husband filed the petition for dissolution in September of 2018, it has been difficult to get a clear picture of the parties' finances, especially those of Former Husband. Indeed, despite numerous motions for civil contempt and hearings with the parties, the trial court determined that neither party had established "by competent and substantial evidence, the income of the other party, either wage income, rental income, business or the like." After more civil contempt motions and a hearing, a final judgment of dissolution of marriage was entered. As a part of the judgment, the parties agreed that Former Husband would pay $800.00 per month in ongoing child support retroactively, making his total obligation of retroactive child support due equal to $5,600.00 for the time period October 2022 through April 2023 (seven months times $800.00 per month). Former Husband was also ordered to pay the remaining retroactive child support amount at a rate of $50.00 per month, with no explanation at how that rate was reached.

Former Wife moved to set aside the order, arguing that the parties had agreed at the hearing that the remaining retroactive child support should be calculated from the date of the filing of the petition of dissolution, which occurred in 2018. Additionally, Former Wife contended that Former Husband agreed to pay the entirety of the retroactive child support obligation in a lump sum payment and not in monthly installments. Former Wife's motion was granted and an amended final judgment was entered, modifying the retroactive child support obligation to cover the period from October 2018 through April 2023, now fifty-four months and equaling $43,200.00 ($800 x 54 months). The order did not provide any specific explanation as to why a $50 monthly payment was adequate to ensure repayment.

A trial court's order granting retroactive child support is reviewed for an abuse of discretion and must be supported by substantial competent evidence in the record. *See Carmack v. Carmack*, 316 So. 3d 396, 397–98 (Fla. 5th DCA 2021); *see also Reddick v. Reddick*, 728 So. 2d 374, 375 (Fla. 5th DCA 1999).

2

Former Wife asks that Former Husband's agreement to pay the full amount of child support in a lump sum should be enforced. But courts have held that it is error to order that a lump-sum payment be made within a certain timeframe if there is no competent substantial evidence to support a finding that a party has the ability to make such a payment. *See Duncan v. Duncan*, 124 So. 3d 975, 975 (Fla. 4th DCA 2013) ("It is reversible error for a trial court to order a large lump-sum payment when there is no evidence the payor has the ability to make the payment in the time frame ordered."); *see also Robinson v. Robinson*, 668 So. 2d 1074, 1074 (Fla. 2d DCA 1996) (reversing the requirement for the former husband to pay a lump sum payment "in excess of $15,000 within 120 days of the order" because "the record does not contain evidence indicating that the former husband has the ability to pay this large amount within such a short period"); *see also Neal v. Meek*, 591 So. 2d 1044, 1046 (Fla. 1st DCA 1991) ("[A]ny requirement of payment of a lump sum within a time certain . . . must be supported by findings of fact demonstrating that [the father] would have the ability to pay within the time frame contemplated by the order."). As such, it was not error to implement monthly repayments rather than a lump sum.

That said, a $50 monthly payment is insupportable, i.e., lacking competent substantial evidence. At that monthly rate, Former Husband would have about 72 years to pay off the $43,200 child support obligation, one he said he could pay off immediately. The record reflects that he can afford far more. As such, the monthly payment of $50 is clearly erroneous and requires a recalculation upwards. *See Taylor v. Lasley*, 666 So. 2d 600, 600–01 (Fla. 4th DCA 1996) (finding the trial court erred "in setting the monthly amount which the former husband is required to pay to clear the past due amounts" and directing the trial court "to calculate the monthly payment which former husband is required to make to pay the arrearages at no less than 20% of his regular monthly support obligation"); *see also Rivero v. Lee*, 617 So. 2d 397, 398 (Fla. 3d DCA 1993) (reversing the portion of the trial court's order which set an arrearage payment amount at less than 20% of the current support amount).

As such, the amended final order is affirmed in part, reversed as to the retroactive child support obligation, and remanded for the trial court to recalculate the monthly installment payments.

AFFIRMED in part, REVERSED in part, and REMANDED with instruction.

MAKAR, KILBANE, and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____